**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

---

DOUGLAS A. KELLEY, in his
capacity as the Court-appointed
Chapter 11 Trustee of Debtors
Petters Company, Inc.; SPF
Funding, LLC; and PC Funding, LLC;

      Plaintiff,

v.                                **MEMORANDUM OF LAW & ORDER**
                                 Civil File No. 14-3375 (MJD)

OPPORTUNITY FINANCE, LLC,
et al.,

      Defendants.

---

Daryle L. Uphoff, Mark D. Larsen, James A. Lodoen, Kirstin D. Kanski, and Adam C. Ballinger, Lindquist & Vennum PLLP, Counsel for Plaintiff Douglas A. Kelley.

John R. McDonald, Scott M. Flaherty, and Kari S. Berman, Briggs & Morgan, PA; Christopher J. Mandernach, Joseph G. Petrosinelli, and Jonathan Landy, Williams & Connolly LLP; and Frank R. Berman, Frank R. Berman, P.A., Counsel for Defendants Opportunity Finance, LLC; Opportunity Finance Securitization, LLC; Opportunity Finance Securitization II, LLC; Opportunity Finance Securitization III, LLC; International Investment Opportunities, LLC; Sabes Family Foundation; Sabes Minnesota Limited Partnership; Robert W. Sabes; Janet F. Sabes; Jon R. Sabes; and Steven Sabes.

Michael A. Rosow, Winthrop & Weinstine, PA, and H. Peter Haveles , Jr. Kaye Scholer LLP, Counsel for Defendant DZ Bank AG Deutsch Zentral-Genossenschaftbank.

Patrick J. McLaughlin, Thomas O. Kelly, III, and Elizabeth A. Hulsebos, Dorsey & Whitney LLP, Counsel for Defendant West Landesbank AG.

David L. Mitchell and Thomas C. Mahlum, Robins Kaplan Miller & Ciresi LLP, Counsel for Defendant The Minneapolis Foundation.

## I.   INTRODUCTION

This matter is before the Court on the Motion of Defendants Opportunity Finance, LLC and Its Related Defendants to Withdraw the Reference to the Bankruptcy Court.  [Docket No. 1]  The motion has been joined by all other Defendants.  [Docket Nos. 1-3, 5, 7, 25]  For the reasons set forth below, the Court denies the motion and dismisses this proceeding with prejudice.

## II.   BACKGROUND

This adversary case arises out of the Thomas Petters fraud indictment and related bankruptcy.  Petters Company, Inc. ("PCI") was wholly owned by Petters.  The Chapter 11 Trustee for PCI, Plaintiff Douglas A. Kelley ("Trustee"), has brought approximately 300 adversary proceedings in bankruptcy court seeking to avoid transfers made by various Petters-related entities.  On September 30, 2010, Kelley commenced the current adversary proceeding to seek to avoid transfers made by two Petters-related special purpose entities—PC

Funding, LLC, and SPF Funding, LLC—to Defendant Opportunity Finance LLC. <u>Kelley v. Opportunity Finance, LLC</u>, Adv. No. 10-4301 (Bankr. D. Minn.) (Kishel, C.B.J.).  The Second Amended Complaint seeks to avoid $2 billion in loan repayments.  (Second Am. Compl. ¶ 108 [Adv. No. 10-4301, Docket No. 83].)  It asserts twenty-three counts, including fraudulent and preferential transfers, lien avoidance, and unjust enrichment/equitable disgorgement.

Defendants Opportunity Finance, LLC, Opportunity Finance Securitization, LLC, Opportunity Finance Securitization II, LLC, Opportunity Finance Securitization III, LLC, International Investment Opportunities, LLC, Sabes Family Foundation, Sabes Minnesota Limited Partnership, Robert W. Sabes, Janet F. Sabes, Jon R. Sabes, and Steven Sabes (collectively "Opportunity Finance") now move this Court to withdraw the reference to the bankruptcy court "for cause shown" under 28 U.S.C. § 157(d).  [Docket No. 1]  All Defendants join in the motion.  [Docket Nos. 1-3, 5, 7, 25]

### III. DISCUSSION

#### A. Bankruptcy Court Jurisdiction

Under the bankruptcy statutes:

> [T]he district courts of the United States have "original and exclusive jurisdiction of all cases under title 11."  Congress has divided bankruptcy proceedings into three categories: those that "aris[e]

3

> under title 11"; those that "aris[e] in" a Title 11 case; and those that are "related to a case under title 11." District courts may refer any or all such proceedings to the bankruptcy judges of their district . . . . District courts also may withdraw a case or proceeding referred to the bankruptcy court "for cause shown."

Stern v. Marshall, 131 S. Ct. 2594, 2603 (2011) (quoting 28 U.S.C. §§ 1334(a), 157(a), (d)). In this District, all bankruptcy cases and proceedings are automatically referred to the bankruptcy judges. Bankruptcy Local Rule 1070-1.

> Bankruptcy judges may hear and enter final judgments in "all core proceedings arising under title 11, or arising in a case under title 11." "Core proceedings include, but are not limited to" 16 different types of matters . . .

Stern, 131 S. Ct. at 2603-04 (quoting 28 U.S.C. §§ 157(b)(1), (b)(2)(C), 158).

> When a bankruptcy judge determines that a referred "proceeding . . . is not a core proceeding but . . . is otherwise related to a case under title 11," the judge may only "submit proposed findings of fact and conclusions of law to the district court." It is the district court that enters final judgment in such cases after reviewing de novo any matter to which a party objects.

Id. at 2604 (quoting 28 U.S.C. § 157(c)(1)).

In Stern v. Marshall, the Supreme Court held that section 157(b)'s grant of authority to a bankruptcy court to "hear and determine . . . and . . . enter appropriate orders and judgments," on "counterclaims by the estate against persons filing claims against the estate," violated Article III of the United States

Constitution when the state law claims would not be "completely resolved in the bankruptcy process of allowing or disallowing claims." 131 S. Ct. at 2611. Therefore, "some claims labeled by Congress as 'core' may not be adjudicated by a bankruptcy court in the manner designated by § 157(b)." Exec. Benefits Ins. Agency v. Arkison (In re Bellingham), 134 S. Ct. 2165, 2172 (2014).

In re Bellingham, decided by the Supreme Court in June 2014, explained that if a so-called Stern claim "satisfies the criteria of § 157(c)(1)" in that it is "related to a case under title 11," then "the bankruptcy court simply treats the claims as non-core: The bankruptcy court should hear the proceeding and submit proposed findings of fact and conclusions of law to the district court for de novo review and entry of judgment." 134 S. Ct. at 2173.

### B. Motion to Withdraw a Reference Under 28 U.S.C. § 157(d)

Defendants' motion to withdraw the reference to the bankruptcy court in this case is based on 28 U.S.C. § 157(d), which states:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d) (emphasis added).  The statute does not define "cause," but generally, district courts have "broad discretion in determining whether to withdraw a matter from the bankruptcy court."  Enviro-Scope Corp. v. Westinghouse Elec. Corp., 57 B.R. 1005, 1008 (E.D. Pa. 1985).  In deciding whether to withdraw a reference, the Court considers factors such as whether the claim is core, the efficient use of judicial resources, the delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and the presence of a jury demand.  See In re H & W Motor Express Co., 343 B.R. 208, 214 (N.D. Iowa 2006) (Reade, J.).  Additionally, the statute provides that a motion to withdraw under 28 U.S.C. § 157(d) must be "timely."

### 1. Defendants' Motion is Ripe

The ripeness doctrine requires that, before a court may assume jurisdiction over a case, there must be "a real, substantial controversy between parties having adverse legal interests, a dispute definite and concrete, not hypothetical or abstract."  Babbitt v. United Farm Workers Nat'l Union, 442 U.S. 289, 298 (1979) (citation omitted).  "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all."  Minn. Pub. Utils. Comm'n v. F.C.C., 483 F.3d 570, 582 (8th Cir. 2007) (citation omitted).

The Trustee asserts that because the bankruptcy court has not entered a final adjudication of the Trustee's claims, Defendants are asking this Court to issue an advisory opinion to the parties as to whether such a future adjudication would violate Article III of the Constitution under <u>Stern</u> and its progeny. Defendants suggest that whether the Trustee's claims are <u>Stern</u> claims is a purely legal question that will not benefit from further factual development, and delaying a ruling on whether the Trustee's claims are <u>Stern</u> claims would lead to waste and inefficiency.

The Court finds that Defendants' motion to withdraw is ripe for adjudication; if anything, the motion is years too late.  Whether the Trustee's claims are <u>Stern</u> claims is a legal question that requires no further factual development, but the Court need not reach the issue in deciding the motion to withdraw.

### 2.     Defendants' Motion is Untimely

"Section 157(d) does not set forth a specific deadline before which parties must file motions to withdraw reference" but Courts commonly look to "reasonableness under the circumstances." <u>In re H & W Motor Express Co.</u>, 343 B.R. at 213 (gathering cases).  "The party seeking withdrawal must file its motion as soon as practicable." <u>Id.</u>  <u>In re H & W Motor Express Co.</u> held that a motion

7

filed approximately five months after an answer was untimely.  Id. at 214.  It further noted that interfering in an adversary proceeding where the underlying bankruptcy had been pending for three years "would result in a waste of judicial resources" and cited to other cases finding similar motions untimely after adversary proceeding had been pending for two or several years.  Id. at 216.

Here, Defendants waited nearly four years before filing the present motion.  During that time, the bankruptcy court invested significant time and resources into this and hundreds of related adversary cases.  Defendants' four-year delay in bringing this motion, in light of the substantial proceedings before the bankruptcy court, is not reasonable under the circumstances.

Defendants argue that their motion is timely in light of the Supreme Court's recent decisions in Stern and Bellingham, but Stern was decided in 2011 and Defendants have failed to demonstrate how Bellingham's holding—that the bankruptcy court could simply issue a report and recommendation on Stern claims—provides a new basis for withdrawal.  If anything, Bellingham strengthens the basis for denying a withdrawal by affirming that Stern claims can be heard by the bankruptcy court and simply reviewed de novo by the district court.  See Bellingham, 134 S. Ct. at 2173.  Because Defendants' delay in

8

bringing the motion is not reasonable under the circumstances, the Court denies Defendants' motion to withdraw as untimely.

### 3.     Defendants Did Not Comply with Local Bankruptcy Rules

The Court is also compelled to deny Defendants' motion based on their failure to comply with the Local Rules of the United States Bankruptcy Court for the District of Minnesota. Local Bankruptcy Rule 5011-1, which was promulgated by the district court, provides, in relevant part:

> A request for withdrawal of reference shall be made by motion filed with the clerk of the bankruptcy court. The motion shall show that relief by way of abstention, remand or transfer was first sought and not obtained or could not be sought from the bankruptcy court.

Local Bankruptcy Rule 5011-3(a) further provides that "on motion of a party in interest, the bankruptcy judge . . . may transfer any non-core proceeding in which a party has not consented to entry of final orders by the bankruptcy court." There is no indication that a "good cause" withdrawal under 28 U.S.C. § 157(d) is exempted from these requirements. By the plain language of the Local Bankruptcy Rules, Defendants were required to first request a transfer from the bankruptcy court, or show why such relief could not have been obtained, before seeking withdrawal from this Court.

9

Defendants argue that the Trustee's claims are <u>Stern</u> claims, which under <u>Bellingham</u> are treated as non-core and would be subject to discretionary transfer by the bankruptcy court pursuant to Bankruptcy Local Rule 5011-3. However, Defendants did not seek a discretionary transfer, and have not demonstrated any reason why it could not be obtained, before filing the present motion, as is required by Local Bankruptcy Rule 5011-1. Because their motion is procedurally improper, it shall be dismissed.

In applying them to this case, the Court recognizes the important role the Local Bankruptcy Rules play in a situation like this. The bankruptcy court has presided over this adversary proceeding for four years and has institutional knowledge regarding how this case relates to the other related adversary cases and to the overall bankruptcy proceeding. It has made decisions regarding the timing and grouping together of certain adversary proceedings, including this action. This Court, however, is privy to only a small slice of those proceedings based on the information the parties choose to highlight in their motion papers and at oral argument. If Defendants had followed the Local Rules, this Court would have had the benefit of the bankruptcy court's judgment regarding whether this particular adversary proceeding should be kept with the other

adversary proceedings for efficiency's sake, whether uniformity in bankruptcy administration would be affected by withdrawing the reference, whether the other adversary proceedings are, in fact, close to resolution, and whether Defendants appear to be forum shopping. While the Court would be free to reject the bankruptcy court's decision, the bankruptcy court's view, in light of its extensive experience with this and the related proceedings, would have offered a more thorough perspective on the issue. Defendants' failure to comply with the local rules short-circuited this valuable process.

### 4. Judicial Efficiency Favors Denial of the Motion

Because the Court denies Defendants' motion on procedural grounds, it declines to decide whether the Trustees' claims are <u>Stern</u> or non-core, and thus, whether the bankruptcy court may only enter proposed findings of fact and conclusions of law. But even if the bankruptcy court were not able to enter a final judgment in this case, judicial efficiency is likely promoted—not undermined—by allowing the bankruptcy court to proceed with the process of submitting proposed findings of fact and conclusions of law as outlined <u>Bellingham</u>. See <u>Bellingham</u>, 134 S. Ct. at 2173; <u>see also</u> <u>Kelley v. JPMorgan Chase & Co.</u>, 464 B.R. 854, 863 (D. Minn. 2011) (Nelson, J.) ("[E]ven if Judge Kishel could not issue a final judgment in the . . . Adversary Proceedings, he has

the unquestioned authority to conduct pretrial proceedings and submit proposed findings of fact and conclusions of law to the district court.") (citation omitted).

This Court frequently refers matters to magistrate judges for reports and recommendations as a means of increasing, not decreasing, judicial efficiency. See 28 U.S.C. § 636(b)(1)(B). That same reasoning applies to proposed orders from the bankruptcy court, particularly because a bankruptcy judge "has a better vantage point from which to make proposed findings of fact and conclusions of law in the first instance." In re H & W Motor Express Co., 343 B.R. at 215 (citations omitted). The bankruptcy court is currently administering many adversary proceedings in the Petters case that have similar administrative, factual, and legal issues to this adversary proceeding. It has a clear view of how the hundreds of adversary cases are related to each other and to the overall bankruptcy. Even though the district court may be asked to conduct a de novo review at a later stage, the bankruptcy court's proposed findings of fact and conclusions of law advance the interests of uniformity of bankruptcy administration and mitigate the danger of shopping for what may be perceived to be a more favorable or expeditious forum in the district court. Its role should not be easily dismissed.

Accordingly, based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED:**

1. The Motion of Opportunity Finance, LLC and its Related Defendants to Withdraw the Reference to the Bankruptcy Court [Docket No. 1] is **DENIED**.

2. Defendant Portgion AG, formerly known as WestLB AG, New York Branch's Joinder to Motion of Opportunity Finance, LLC and its Related Defendants to Withdraw the Reference to the Bankruptcy Court [Docket No. 5] is **DENIED**.

3. The Motions for Joinder of Deutsche Zentralgenossenschaftbank Ag In Opportunity Finance, LLC and its Related Defendants Motion To Withdraw the Reference To The Bankruptcy Court [Docket No. 7] and Joinder of Deutsche Zentralgenossenschaftbank Ag In Reply In Support of Opportunity Finance, LLC and its Related Defendants' Motion To Withdraw the Reference To The Bankruptcy Court [Docket No. 29] are **DENIED**.

4. The Motion for Joinder of the Minneapolis Foundation to Motion of Opportunity Finance, LLC and its Related Defendants to Withdraw the Reference to the Bankruptcy Court [Docket No. 25] is **DENIED**.

5. This action is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: January 26, 2015           s/ Michael J. Davis
                                  Michael J. Davis
                                  Chief Judge
                                  United States District Court